

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00434-CV

**IN THE INTEREST OF N.A.T.**, D.T., S.T., and B.L.W., Children

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 18-08-0730-CVA
Honorable Bob Brendel, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 11, 2019

MOTION TO WITHDRAW DENIED; AFFIRMED

Appellant mother ("Mother") appeals the trial court's order terminating her parental rights to her children, N.A.T., D.T., S.T., and B.L.W. Mother's court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional evaluation of the record, concluding there are no arguable grounds for reversal of the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases). Additionally, counsel represents that she provided Mother with a copy of the brief and the motion to withdraw, advised Mother of her right to review the record and file her own brief, and informed Mother how to obtain a copy of the record, providing her with a form motion for access

to the appellate record. We issued an order setting a deadline for Mother to file a pro se brief. However, Mother did not request the appellate record or file a pro se brief.

After reviewing the appellate record and appointed counsel's brief, we conclude no plausible grounds exist for reversal of the termination order. Accordingly, we affirm the trial court's termination order. We deny counsel's motion to withdraw because it does not show good cause for withdrawal. *See id.* at 27 & n.7 (holding that counsel's obligations in a parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by a court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)).

Rebeca C. Martinez, Justice